IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

ROSEDALE ATTRACTIONS &
SHOWS INC.,

    Plaintiff,

v.      Case No.: 8:18-cv-03416-PWG

HEIDI LONG et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

Defendant Heidi Long owns and operates a business under the name "Penn Wood Shows." 3d Am. Compl. ¶¶ 4-5, ECF No. 22-1. The plaintiff in this breach-of-contract suit has named both Ms. Long and her business as defendants. Ms. Long has moved to dismiss "Penn Wood Shows" as a defendant, arguing that, as a sole proprietorship, it is not subject to suit. Mot. to Dismiss, ECF No. 13. I am persuaded that Ms. Long is correct. Her motion therefore will be granted.

## FACTUAL BACKGROUND

The plaintiff in this suit, Rosedale Attractions & Shows, Inc., provides entertainment and food for fairs, festivals, and other events. *See* 3d Am. Compl. ¶ 3. Defendants are in the carnival business. *See id.* ¶¶ 4-5. The Third Amendment Complaint asserts that Penn Wood Shows "is, on information and belief, a sole proprietorship," and that Ms. Long is its sole proprietor. *Id.*

Ms. Long's motion for partial dismissal contends that, as a matter of law, there is no distinction between a sole proprietorship and its owner. *See* Mot. to Dismiss ¶ 2. It argues, accordingly, that "the allegations against Penn Wood Shows as a separate legal entity should be stricken and dismissed." *Id.* ¶ 4. Plaintiff says it does not disagree "with the premise that there is a 'complete identity of a business entity with the proprietor himself.'" Opp'n 1, ECF No. 20 (quoting *Bushey v. N. Assurance Co. of Am.*, 766 A.2d 598, 603 (Md. 2001)). It argues, nevertheless, that it is up to the plaintiff to decide whether to sue a sole proprietorship, its owner, or both. *See id.* at 1-2. Plaintiff further seeks the benefit of discovery to verify whether Penn Woods Shows is, in fact, a sole proprietorship. *Id.* at 2.

Defendants' motion has been fully briefed. *See* ECF Nos. 13, 20-21. A hearing is unnecessary. *See* Loc. R. 105.6.

## DISCUSSION

Ms. Long takes the position that Penn Wood Shows, as a sole proprietorship, "does not have the capacity to be a party." Reply 3, ECF No. 21. Under Rule 17(b) of the Federal Rules of Civil Procedure, "[c]apacity to sue or be sued is determined as follows:

> (1) for an individual who is not acting in a representative capacity, by the law of the individual's domicile;
> (2) for a corporation, by the law under which it was organized; and
> (3) for all other parties, by the law of the state where the court is located, except that:
>    (A) a partnership or other unincorporated association with no such capacity under that state's law may sue or be sued in its common name to enforce a substantive right existing under the United States Constitution or laws; and
>    (B) 28 U.S.C. §§ 754 and 959(a) govern the capacity of a receiver appointed by a United States court to sue or be sued in a United States court.

Fed. R. Civ. P. 17(b). Penn Wood Shows is neither an individual nor a partnership. Therefore, under subsection (b)(3), the issue is governed by Maryland law. *See Brantley v. Kuntz*, 98 F. Supp. 3d 884, 886 n.1 (W.D. Tex. 2015); *Adams Wrecker Serv. v. City of Blanchard*, No. 13-126-D, 2013 WL 5726022, at *1 n.2 (W.D. Okla. Oct. 21, 2013); *Carter v. King*, No. 12-2288-VEH, 2013 WL 4045286, at *2 (N.D. Ala. Aug. 8, 2013); *Carter v. Yamaha Motor Corp., U.S.A*, No. 09-259TSL-MTP, 2012 WL 12977457, at *2 (S.D. Miss. Feb. 10, 2012).

Maryland law is clear in stating that "[a]n unincorporated association, joint stock company, or other group which has a recognized group name may sue or be sued in the group name on any cause of action affecting the common property, rights, and liabilities of the group." Md. Code Ann., Cts. & Jud. Proc. § 6-406. This provision plainly applies to associations, groups, and other business entities comprising two or more people. A sole proprietorship, however, is neither an association nor a group; it is, rather, "a business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." *Sole Proprietorship*, Black's Law Dictionary (11th ed. 2019). Section 6-406, therefore, is inapplicable, and the parties have not drawn my attention to any other Maryland statute that might cover businesses of the kind seen here.

Fortunately, case law provides some guidance. In *Bushey v. Northern Assurance Co. of America*, the Court of Appeals of Maryland considered whether a provision in an insurance policy made out in the name of a sole proprietorship covered an automobile accident that took the lives of the sole proprietor's two daughters. 766 A.2d 598, 599-600 (Md. 2001). The court concluded it did, rejecting the insuring company's argument that the policy was strictly a commercial policy and did not cover the sole proprietor as an individual. *See id.* at 603. In reaching this conclusion, the court explained that "[t]he sole proprietorship form of business provides 'complete identity of

3

the business entity with the proprietor himself,'" *id.* (quoting 1 Z. Cavitch, *Business Organizations* §1.04[1], at 1-23 (Matthew Bender 2000)), and that, accordingly, the sole proprietor's business "has no legal existence apart from its owner," *id.* Therefore, the court stated, the trade name listed on the policy "was nothing more than the name under which [the sole proprietor] chose to do business as an individual." *Id.* at 607.

The Court of Special Appeals' more recent decision in *Prime Contracting v. Shay Construction*, No. 491, 2019 WL 2173453 (Md. Ct. Spec. App. May 20, 2019), also is instructive. There, the plaintiff named both a sole proprietorship and its owner as defendants in a breach-of-contract suit. 2019 WL 2173453, at *2. The circuit court judge first issued a default judgment against the owner, then reversed course and entered a judgment in the owner's favor. *See id.* at *3. Notably, the judge never addressed the claims against the sole proprietorship itself. *See id.* at *3 n.3. The Court of Special Appeals nevertheless viewed the judgment as final and appealable, explaining that "because [the sole proprietorship] is not a legal entity separate and apart from [its owner], the [circuit] court disposed of all claims against all parties by entering a judgment in favor of [the owner]." *Id.* And while the appellate court determined that the proceedings below had been riddled with "a lot of errors," *id.* at *1, it essentially agreed with the circuit court judge that, "[i]n substance," the complaint "was against [the owner] alone," *id.* at *2.

Courts applying the laws of other states have held, similarly, that where the law makes no distinction between a sole proprietorship and its proprietor, the sole proprietorship is not subject to suit apart from its owner. *See, e.g.*, *Mason v. Sailormen Inc.*, No. 11-637 CAS, 2012 WL 1957413, at *3 (E.D. Mo. May 31, 2012) ("[W]hen a state's law does not consider a sole proprietorship to be a separate legal entity, a suit involving a sole proprietorship must name the owner as the party plaintiff or defendant, and not the sole proprietorship itself."); *Nova Express v.*

*United States*, 80 Fed. Cl. 236, 238 (2008) ("While no Texas decision on this point can be found, courts in various jurisdictions in which sole proprietorships are viewed as having no independent legal identity have held that such sole proprietorships lack the capacity to sue or be sued."); *Borah v. Monumental Life Ins. Co.*, No. 04-3617, 2005 WL 351040, at *2 (E.D. Pa. Feb. 14, 2005) ("Under Pennsylvania law, a sole proprietorship is not legally separate from its owner. As Sea Nine has no legal existence apart from its owner, Steven Ross, it cannot be sued separately and must be dismissed from this action." (citation omitted)); *Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1033 (N.D. Cal. 2004) (denying a sole proprietorship the ability to sue under California law because it is not "legally separate from its owner."). *But see Brantley*, 98 F. Supp. 3d at 886 n.1 ("The Court has found no Texas cases confronting the question, and the parties did not address or brief the issue. Accordingly, the Court assumes, without deciding, that the Institute may maintain this suit separately from Brantley herself, and takes this approach in no small part because Brantley is also a named plaintiff."). These cases further persuade me that Ms. Long's sole proprietorship, Penn Wood Shows, is not subject to suit independent of Ms. Long herself.[1]

I conclude, accordingly, that the two named defendants in this suit are indistinguishable under Maryland law and that, consequently, the claims against Penn Wood Shows must be dismissed.

---

[1] Plaintiff's response in opposition to the motion for partial dismissal suggested I might at least delay my ruling on the motion until Plaintiff has had the opportunity to determine through discovery whether Penn Wood Shows is, in fact, a sole proprietorship. That argument would seem moot at this point, seeing as the discovery period is due to close this week. *See* ECF No. 26. I note in any event that Plaintiff itself acknowledged in its Third Amended Complaint that, to the best of its knowledge at the time, Penn Wood Shows was a sole proprietorship. *See* 3d Am. Compl. ¶ 4. Ms. Long's Answer, in turn, admitted this allegation, affirming that "she is a sole proprietor [and] that she does business as Penn Wood Shows." Answer ¶ 4, ECF No. 12.

## **ORDER**

Accordingly, it is this day, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant Heidi Long's Motion to Dismiss "Penn Wood Shows" as a Separately Named Defendant (ECF No. 13) IS GRANTED; and

2. Penn Wood Shows IS DISMISSED as a defendant in this action.

Date:   August 15, 2019                                    _____/S/_____
                                                           Paul W. Grimm
                                                           United States District Judge